moval, and argued that none of his convictions were valid. The Immigration Judge (IJ) determined that he was potentially eligible for cancellation, but denied relief as a matter of discretion, finding that Daley's convictions outweighed the positive factors. On appeal, the Board of Immigration Appeals (BIA) agreed with the IJ that relief was not warranted in the exercise of discretion.

We have jurisdiction to review "constitutional claims or questions of law" raised in this petition for review. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D) ]. However, pursuant to 8 U.S.C. § 1252(a)(2)(B), courts lack jurisdiction to review "any judgment regarding the granting of relief under section ... 1229b . . . ." This Court has held that in reviewing decisions to deny cancellation of removal under § 1229b, the court retains jurisdiction to review nondiscretionary factors, but lacks jurisdiction to review discretionary decisions. *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003). As cancellation here was denied purely on a discretionary basis, we cannot review the decision.

Daley's brief mentions "due process" and "equal protection," but it is difficult to discern what his claims are in this regard. From what we can understand, it appears that Daley is complaining that he was found to be removable on the basis of convictions that he believes are not valid. We do not reach the merits of his claims, as a final conviction cannot be challenged in removal proceedings. *See Vargas v. Department Of Homeland Security*, 451 F.3d 1105, 1107 (10th Cir.2006); *Giammario v. Hurney*, 311 F.2d 285, 287 (3d Cir.1962); *cf. Drakes v. INS*, 330 F.3d 600, 606 (3d Cir.2003) (alien may not constitu-

tionally challenge state court conviction in § 2241 petition).[1]

To the extent Daley challenges his continued detention, that challenge would be properly brought in a habeas petition filed in District Court. *Nnadika v. Attorney General*, 484 F.3d 626, 632 (3d Cir.2007). As Daley does not raise any other legal or constitutional issue that this court could review, we will deny the petition.

---

1. For this reason, Daley's "Motion to Vacate Judgment" is denied. Daley's "Motion to reconsider, vacate and modify the disposition

Docket Number 99K076686," is likewise denied.